129 F.3d 122
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Troy A. MOORE, Appellant.
 No. 97-1648.
 United States Court of Appeals, Eighth Circuit.
 Submitted October 7, 1997
Filed October 15, 1997
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
 
 PER CURIAM
 
 1
 After Troy A. Moore pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), the district court[1] sentenced him to 121 months imprisonment and five years supervised release. Moore appeals, arguing that the district court erred in finding he was willing to sell cocaine base, as opposed to cocaine powder, to a confidential informant for the Little Rock Police Department (LRPD); he also complains that the LRPD set up two controlled buys from him after he initially fronted drugs to the confidential informant. We affirm.
 
 
 2
 We conclude that the district court did not err. See United States v. Stavig, 80 F.3d 1241, 1245 (8th Cir.1996) (standard of review). The evidence presented at sentencing and credited by the district court shows that Moore provided the confidential informant with cocaine base even though the informant did not specify on that occasion that he wanted cocaine base rather than cocaine powder. Cf. United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.) (finding no sentencing entrapment where subject of investigation elicited predisposition to provide any quantity demanded). Furthermore, the LRPD officer who set up the controlled buys testified that the LRPD had engaged in a second buy in order to identify Moore's source. See United States v. Shephard, 4 F.3d 647, 649 (8th Cir.1993) (police may "continue to deal with someone with whom they have already engaged in illicit transactions in order to ... 'trace the drug deeper into the distribution hierarchy' ").
 
 
 3
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas